UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENDAL SCOTT GILL,

    Petitioner,

v.

RICK HILL,[1]

    Respondent.

No. 2:17-cv-2095 MCE DB P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner alleges his no contest plea was based on false evidence and ineffective assistance of counsel. He further alleges ineffective assistance of appellate counsel. Before the court is respondent's motion to dismiss. For the reasons set forth below, the court recommends respondent's motion be granted.

**BACKGROUND**

On June 15, 2016, petitioner pleaded no contest to corporal injury on a cohabitant with a prior assault conviction and admitted a prior prison term allegation. The trial court imposed a

---

[1] Rick Hill is the current Acting Warden of Folsom State Prison, where petitioner is currently housed. Accordingly, he is substituted as the respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

suspended sentence of four years and ordered formal probation. (LD 1.[2]) Shortly thereafter, a petition for revocation of probation was filed, based on petitioner's alleged violation of the conditions of his probation. (See Req. for Cert. of Probable Cause (ECF No. 1 at 16).) In addition, petitioner sought to withdraw his plea. (See id.)

On September 28, 2016, the trial court suspended criminal proceedings based on doubts about petitioner's mental competency and ordered a psychological examination. (LD 2.)

On September 30, 2016, petitioner filed a notice of appeal and requested a certificate of probable cause to challenge the denial of his motion to withdraw his plea, to challenge the judgment and sentence themselves, and to challenge the charge that he violated the terms of his probation. (ECF No. 1 at 16; Ex. A to Mot. to Dismiss (ECF No. 13-1 at 2).) The Court of Appeal granted the certificate of probable cause and the appeal is currently pending. [3]

Petitioner filed a habeas petition here on October 5, 2017. (ECF No. 1.) On April 20, 2018, respondent moved to dismiss the petition. (ECF No. 13.) Petitioner filed an opposition (ECF No. 16) and respondent filed a reply (ECF No. 17).

**MOTION TO DISMISS**

Respondent moves to dismiss the petition on the grounds that this court must abstain from considering a state prisoner's habeas case when he has a pending state proceeding challenging the same conviction. (ECF No. 13.) In opposition, petitioner argues the state proceedings are so lengthy that he will likely serve his sentence before they are resolved. (ECF No. 16.)

**I.    Legal Standards for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602–03 (9th Cir. 1989) (meritorious motions to dismiss permitted

---

[2] Respondent lodged state court records with his motion to dismiss. (See ECF No. 14.) Each document is referenced herein by its Lodged Document ("LD") number.

[3] The docket for petitioner's state appeal, #C083128 is available on the state appellate courts' website: http://appellatecases.courtinfo.ca.gov. A court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201.

2

under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"); Vargas v. Adler, No. 1:08-cv-1592 YNP [DLB] (HC), 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim).

Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, No. CIV S-07-1360 LKK EFB P, 2008 WL 3244143, at *1 (E.D. Cal. Aug.7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim), rep. and reco. adopted, No. CIV S-07-1360 (E.D. Cal. Sept. 26, 2008). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**II.     Younger Abstention**

Because petitioner's criminal appeal remains pending, this court should abstain from addressing the instant petition. Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when 1) state proceedings, judicial in nature, are pending; 2) state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982); Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 627 (1986).

A petitioner must await the outcome of the state appellate proceeding "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). This is because "the pending appeal may result in reversal of the petitioner's conviction on some other ground, thus mooting the

federal question." Id. "When a case falls within the proscription of Younger, a district court must dismiss the federal action." Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir. 1986). In addition, there is no discretion to grant injunctive relief if the case is within the Younger category of cases. Id. (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 816 n.22 (1976)).

Petitioner concedes the direct appeal of his criminal conviction was pending when he filed his petition here and remains pending. (See ECF No. 1 at 2; ECF No. 16 at 1.) Criminal proceedings, by their very nature, involve important state interests. Petitioner has an adequate opportunity to raise the constitutional issues underlying his conviction in either his habeas case[4] or his direct appeal. Irreparable injury does not exist in such situations if the threat to petitioner's federally protected rights may be eliminated by his appeal of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Younger, 401 U.S. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)). Petitioner has failed to demonstrate irreparable injury.

Petitioner argues that the state court's delay in determining his appeal justifies an exception to Younger abstention. The Ninth Circuit does recognize an exception for "extraordinary delay." Phillips v. Vasquez, 56 F.3d 1030, 1034 (9th Cir. 1995) (fifteen-year delay in capital case justified exception to Younger abstention). Here, petitioner filed his appeal in the state appellate court in October 2016. He filed this action just a year later in October 2017. Any delay petitioner is experiencing in the processing of his appeal is hardly comparable to the

---

[4] Petitioner states that he has exhausted his state court remedies through habeas petitions he filed in the state superior, appellate, and supreme courts. (ECF No. 1 at 3-4.) Petitioner states that the state courts summarily denied his petitions. (Id. at 12.) With his petition, petitioner attached a copy of the superior court's denial of his state habeas petition. (Id. at 22.) The court denied the petition on the grounds that it raised the same issues that were then pending before the court of appeal. (Id.) Therefore, the issues petitioner raises here have not yet been addressed on their merits by the state's highest court as required for exhaustion. See 28 U.S.C. § 2254(b)(1) (exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus). Picard v. Connor, 404 U.S. 270, 276 (1971) (A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

4

fifteen-year delay in Phillips and is not out-of-the-ordinary. See, e.g., Hamilton v. Calderon, 134 F.3d 938, 939 (9th Cir. 1998) (where sentence under review by state court for less than two years when federal habeas filed, petitioner not subjected to "extreme delay" under Phillips); Alvarez v. Barnes, No. CV 13-367 RGK(CW), 2013 WL 3200514, at *3 (C.D. Cal. June 21, 2013) (noting that "[t]here is no indication in the record that the approximate seventeen months during which petitioner's state appeal has been pending is either unusual or unreasonable so as to warrant immediate federal intervention").

The court finds the delay in resolution of state court proceedings in the present case is neither extreme nor unreasonably long. Thus, the undersigned declines to depart from the general rule that petitioner must wait until his state court conviction is final before he can seek federal habeas review. See Edelbacher v. Calderon, 160 F.3d 582, 583 (9th Cir. 1998).

Because there has been no extreme delay in petitioner's case, and in light of principles of comity and the risk of piecemeal litigation, the undersigned concludes that the Younger doctrine requires dismissal of this action without prejudice. See Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action." (Emphasis in original; citations omitted.)).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 13) be granted and the petition be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the

objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: July 30, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/gil2095.mtd